**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 5:18-CR-128-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **JESUS ALPHONSO SOLIS-SALAZAR** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on defendant Jesus Alphonso Solis-Salazar's motion reduce his sentence. (R. 217.)

By judgment dated December 19, 2019, the Court sentenced Solis-Salazar to a prison term of 120 months after he pleaded guilty to conspiracy to distribute 500 grams of methamphetamine and more than one kilogram of heroin, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. (R. 182.) Solis-Salazar has a projected release date of April 18, 2027. (R. 200.)

Solis-Salazar previously filed a similar, if not identical motion for compassionate release. (*See* R. 200.) The government filed an objection (R. 202), and the Court subsequently denied his motion. (R. 205.) Solis-Salazar does not make any new arguments or provide any new facts for the Court as to why it should rule differently than it did before.

He argues that "the sentencing commission took off 35% of the defendant Solis-Salazar therefor [sic] Solis-Salazar is out of the range of mandatory minimums and does not longer apply." (R. 217 at 2.) However, this argument does not provide any new information to the Court that has not already been considered. This Court has already ruled that his case involved a mandatory minimum in which the original guideline range fell entirely below the

mandatory minimum and the Defendant received a departure based on substantial assistance. (R. 205 at 1.) As the government correctly points out:

> Solis-Salazar received criminal history points, including status points; therefore, his motion should be considered under Part A of Amendment 821. Consistent with *Hameed* and *Koons*, *supra*, the Defendant is ineligible for a reduction in sentence as his applicable guideline range is not lowered by application of the retroactive guideline amendments, but rather, remains unchanged. Despite having a reduction in his total criminal history points, the guideline range applicable to Counts One and Three remain controlled by statutory mandatory minimum terms of imprisonment. Further, due to the statutory minimum term of imprisonment as to Count One, pursuant to U.S.S.G. § 5G1.2(b), the guideline range as to Count Five remains controlled by the statutory minimum term of imprisonment as to Count One, which continues to be 120 months imprisonment.

(R. 220 at 4.) Because of this, Solis-Salazar was ineligible, and continues to be ineligible for a reduction under 18 U.S.C. § 3582(c)(2).

Accordingly, the Court hereby ORDERS that Solis-Salazar's Motion (R. 217) is DENIED.

This 9th day of April, 2026.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

2